IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case Number CIV-18-1098-C ) |
| HEATHER LAMB MARLOW, TRENT CHRISTIAN LAMB, HEATHER LAMB MARLOW, as mother and next friend of DAL, a minor, and THE ESTATE OF WADE WILLIAM LAMB, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking to interplead funds from a life insurance policy. According to Plaintiff, there was a concern regarding the proper beneficiary of a life insurance policy it issued to Wade William Lamb. Mr. Lamb died on July 26, 2018. Mr. Lamb and Defendant Heather Lamb Marlow were married at the time the policy was issued but divorced at the time of his death. As part of the divorce decree, Mr. Lamb was required to maintain the life insurance policy and Defendants Trent Lamb and D.A.L., a minor, were to be listed as beneficiaries on the policy. Plaintiff asserted in its interpleader complaint that no beneficiary change was made. However, Plaintiff argued that pursuant to 15 Okla. Stat. § 178, Defendant Heather Lamb's status as sole beneficiary had been revoked. On November 13, 2018, the Court entered an Order directing Plaintiff to deposit the proceeds of the insurance policy with the Court Clerk and upon that

deposit, Plaintiff was dismissed from this action with prejudice, with no further liability on the policy.

On May 10, 2018, all Defendants joined in a Motion for Summary Judgment. Although the time to respond to that Motion has now passed, no Response has been filed. Accordingly, the Court will accept the well-supported facts set out in the Motion as true and determine if they entitle Defendants to judgment. Murray v. City of Tahlequah, 312 F.3d 1196, 1199 (10th Cir. 2002).

The issue before the Court is narrow. Plaintiff filed the interpleader action because of concerns regarding the proper beneficiary of the insurance policy. Plaintiff's concern was premised on operation of 15 Okla. Stat. § 178. That statute governs operation of life insurance policies when there is a divorce or annulment that could affect the beneficiary. In their Motion for Summary Judgment, Defendants have provided evidence to demonstrate that at the time of contracting for the policy in question, decedent was a resident of another state, Mississippi, and that the contract was executed in that state. As a result, the Court finds that Oklahoma law does not apply to the policy. Thus, on the narrow issue before the Court, Defendant Heather Marlow Lamb is the beneficiary of the policy. However, the Court makes no determination on the issue of whether or not the policy was in breach of the divorce decree or whether or not the minor child has a claim based on any such breach. Those matters are more properly decided by the appropriate state court. The Court finds that under the terms of the insurance policy, Defendant Heather Lamb Marlow is the beneficiary.

For the reasons set forth more fully herein, Defendants' Motion for Summary Judgment (Dkt. No. 16) is GRANTED. Heather Lamb Marlow is the beneficiary of the policy. The Court Clerk shall distribute those funds to Heather Lamb Marlow. A separate Judgment will issue.

IT IS SO ORDERED this 26th day of June, 2019.

*ROBIN J. CAUTHRON*
United States District Judge